**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICOLE FLICK,<br><br>                              Plaintiff,<br><br>        v.<br><br>M.I. INDUSTRIES, INC.,<br><br>                              Defendant. | Case No. 26-cv-1470-BAS-AHG<br><br>**ORDER GRANTING MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT (ECF No. 16)** |

Presently before the Court is Defendant's motion to dismiss. (ECF No. 11.) Instead of opposing, Plaintiff filed an amended complaint (ECF No. 14), and the Court issued a summons, (ECF No. 15).

Upon review, the amended complaint was improperly filed pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). Rule 15 permits one amendment as a matter of course no later than 21 days after a Rule 12(b) motion has been filed. Fed. R. Civ. P. 15(a)(1)(B). Here, Defendant filed a motion to dismiss on May 29, 2026; the ability to amend as a matter of course ended on June 16, 2026. And Plaintiff filed the first amended complaint on June 29, 2026, around ten days too late.

- 1 -

26cv1470

Accordingly, the Court **GRANTS** Defendant's motion to strike. (ECF No. 16.) The Court **STRIKES** the Amended Complaint as improperly filed. (ECF No. 14); *see, e.g.*, *Sexton v. Spirit Airlines, Inc.*, No. 2:21-CV-00898-TLN-AC, 2022 WL 976914, at *2 (E.D. Cal. Mar. 31, 2022) (striking the plaintiff's first amended complaint as "improperly filed" pursuant to Rule 15).

Plaintiff may still amend with Defendant's written consent or leave of court. Plaintiff has until **July 20, 2026,** to make such requests.

In the event Plaintiff does not amend, Plaintiff must respond to Defendant's motion to dismiss on or before **July 20, 2026**, or seek leave for additional time to respond.

**IT IS SO ORDERED.**

**DATED: July 13, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 2 -